# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA, )
)
        Respondent/Plaintiff, )   Case No.: 2:15-cr-00029-GMN-VCF
vs. )
) **ORDER**
BRANDON MICHAEL WHITE, )
)
        Petitioner/Defendant. )
)
)

Pending before the Court is Petitioner Brandon White's ("Petitioner's") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("2255 Motion"), (ECF No. 120). The Government filed a Response, (ECF No. 122), and Petitioner filed a Reply, (ECF No. 123). For the reasons stated below, the Court **DENIES** Petitioner's 2255 Motion.

## I.   BACKGROUND

On April 11, 2016, Petitioner pleaded guilty to Counts 1 and 2 of the Superseding Indictment: (1) Carjacking, in violation of 18 U.S.C. § 2119; and (2) Use of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). (Mins. Proceedings, ECF No. 105); (*see also* Plea Agreement, ECF No. 106). The Court sentenced Petitioner to 63 months custody for Count 1, and 84 months custody for Count 2, to run consecutive to one another, for a total of 147 months. (J., ECF No. 119). Petitioner thereafter filed his 2255 Motion, seeking to vacate his sentence on the ground that his conviction for Count 2 implicates an unconstitutionally vague statutory provision. (*See generally* 2255 Motion, ECF No. 120).

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the Court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a

motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). When a petitioner seeks relief pursuant to a right newly recognized by a decision of the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f)(3). That one-year limitation begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* § 2255(f)(3).

### III. DISCUSSION

Petitioner raises two grounds for relief in his instant 2255 Motion. First, Petitioner argues that his sentence for Count 2 arose under an unconstitutionally vague provision of 18 U.S.C. § 924(c). (2255 Motion at 6–8, ECF No. 120); (2255 Motion at 5–28, ECF No. 120-1). Second, Petitioner argues that his prior counsel was ineffective for failing to raise a vagueness argument concerning § 924(c) before sentencing or on direct appeal. (2255 Motion at 6–8, ECF No. 120); (Mem. in Support of 2255 Motion at 5–28, ECF No. 120-1).

Title 18 U.S.C. § 924(c) criminalizes the use or carrying of a firearm in relation to a "crime of violence," and it imposes mandatory minimum sentences that must run consecutive to any other sentence. An offense may qualify as a crime of violence under § 924(c) through either of two clauses: § 924(c)(3)(A) or § 924(c)(3)(B). Section 924(c)(3)(A), also known as the statute's "force clause," applies if an individual is convicted of a predicate crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." By contrast, § 924(c)(3)(B), known as the "residual clause" of the statute, is much broader; it applies if the individual is convicted of any predicate felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The US Supreme Court recently

invalidated § 924(c)(3)(B) after holding that its language is unconstitutionally vague. *See United States v. Davis*, No. 18-431, 2019 WL 2570623, at *13 (U.S. June 24, 2019). However, the force clause, § 924(c)(3)(A), has not been deemed unconstitutional.

Petitioner argues that his sentence based on Count 2 of the Indictment violates due process because the Court imposed it under the unconstitutionally vague residual clause, 18 U.S.C. § 924(c)(3)(B). (Mem. in Support of 2255 Motion at 2–28, ECF No. 120-1). To make that argument, Petitioner points to his predicate offense of Carjacking in violation of 28 U.S.C. § 2119. (*Id.* at 8–9). He claims that Carjacking is not a crime of violence by its elements, and thus his sentence enhancement for that predicate crime under 924(c) must have arisen from the unconstitutional residual clause. (*Id.* at 23).

The Ninth Circuit in *United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017), cert. denied, 138 S. Ct. 1602, 200 L. Ed. 2d 785 (2018), rejected the same arguments made by Petitioner when it held that Carjacking constitutes a crime of violence by its elements because it "necessarily entails the threatened use of violent physical force." 876 F.3d at 1257. In other words, Petitioner's conviction for Carjacking implicates the force clause, 18 U.S.C. § 924(c)(3)(A), not the unconstitutional residual clause. He accordingly is not entitled to relief from his sentence for Count 2 of the Superseding Indictment due to an unconstitutionally vague statutory provision. Additionally, because Petitioner's sentence did not arise from an unconstitutionally vague statutory provision, his prior counsel was not ineffective for failing to raise a vagueness argument before Petitioner's sentencing or on direct appeal. *See Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (requiring a petitioner to show that he was "prejudiced" by his prior counsel's performance before a court can declare counsel's representation to be ineffective).

To proceed with an appeal of this Order, Petitioner must receive a certificate of appealability from the Court. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;

*Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551–52 (9th Cir. 2001). This means that Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). He bears the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 483–84.

The Court has considered the issues raised by Petitioner, with respect to whether it satisfies the standard for issuance of a certificate of appealability, and determines that the issues do not meet that standard. The Court will therefore deny Petitioner a certificate of appealability.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 120), is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**DATED** this __8__ day of July, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court